UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROY SANTANA, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos. 2:11-CR-57-RLJ<br>2:16-CV-153-RLJ |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 39]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") to review the case to determine whether Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for unconstitutional vagueness. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Petitioner filed a pro se request for relief on June 7, 2016, challenging his sentence based on the *Johnson* decision [Doc. 39 (arguing that his sentence was improperly enhanced)].[1] FDSET did not file a supplement.

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

The Supreme Court decided *Beckles v. United States* on March 6, 2016, holding that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). Thus, binding authority now dictates that the *Johnson* decision does not undermine or adversely affect the instant sentence.

On March 22, 2017, FDSET filed a motion containing two requests: (1) to withdraw as appointed counsel under the Standing Order in light of the *Beckles* decision, and (2) that the Court grant Petitioner leave and a 30-day extension of time to file a pro se amendment to the existing petition with yet-to-be-identified grounds for collateral relief [Doc. 50].

Because the *Beckles* decision forecloses any possibility of *Johnson*-based relief, FDSET's request to withdraw will be granted and counsel will be relieved of her duties under the Standing Order. FDSET's request for leave to amend and an extension of time to do so will be denied.

---

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a).

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

.

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). Petitioner submitted the *Johnson*-based request for relief on June 7, 2012 [Doc. 39]. At no point during the nine-month period leading up to the *Beckles* decision did Petitioner attempt to supplement that original filing with additional grounds for collateral relief. In light of this unjustified delay, granting Petitioner's request for additional time to explore alternative bases for collateral relief would be inappropriate.

In accordance with the foregoing and in light of the *Beckles* decision, FDSET's request to withdraw [Doc. 50] is **GRANTED** and request that the Court grant Petitioner leave to amend and an extension of time in which to do so [*Id.*] is **DENIED**. Petitioner's § 2255 motion [Doc. 39] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge